

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CAPITAL EQUIPMENT SOLUTIONS, LLC,

Plaintiff,

v.

FARM PROPERTIES, L.L.C., *et al.*,

Defendants.

Civil No. 2:19cv35

# ORDER

Pending before the Court is a Motion for Default Judgment filed by Plaintiff Capital Equipment Solutions, LLC ("Capital"). For the following reasons, the Amended Motion for Default Judgment (ECF No. 21) is **GRANTED IN PART, DEFERRED IN PART,** and **DENIED IN PART**.

**I.   BACKGROUND**

According to the Complaint, Loeb Term Solutions, LLC ("Loeb") loaned Defendant Farm Properties, L.L.C. ("Farm Properties") $1,300,000 for equipment. ECF No. 1 at 3. Farm Properties executed a promissory note and security agreement to repay the loan in 206 installments of $7,817.59. *Id.* at 4. The security agreement listed inventory and equipment as collateral. *Id.* at 4–5. Defendants Benny Hall, Karen Hall, Eastern Shore, Holden's Creek, Hall & Sons LLC, and Hall & Sons Company (collectively, with Farm Properties, "Defendants") guaranteed the loan. *Id.* at 5–7. Loeb assigned the note and security agreement to Capital with the consent of all parties. *Id.* at 7.

1

When Defendants defaulted on the loan, the parties executed a forbearance agreement. ECF No. 1-11. The forbearance agreement and "Peaceful Possession" agreement set forth additional terms by which Defendants were bound. These terms included a modified payment schedule and the surrender of all collateral at a specific location if Defendants further defaulted. ECF No. 1 at 9–10. Defendants defaulted on the forbearance agreement and have failed to surrender all collateral.

Plaintiff filed this action to recover the collateral in detinue and compensatory damages for breach of contract. Plaintiff seeks $764,089.89 for the principal, $28,500 for late fees, $59,227.43 for interest accrued, $97,557.88 for "loan fees," $28,096.15 for attorneys' fees, and $886.20 for "costs incurred herein," all minus $15,000 for a sold vehicle. ECF No. 21-3.

Defendants were notified by summonses in February and March of 2019. ECF Nos. 6, 7, 10, 11, 16. After the deadline to respond passed, the Clerk of Court entered default for Plaintiff. ECF No. 14.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). To enter default judgment, this Court must have subject matter jurisdiction over the case, must have personal jurisdiction over the defaulting party, and venue must be proper. *Lundie v. Smith & Cohen, LLC*, No. 2:15cv291, 2016 WL 717113, at *1 n.1 (E.D. Va. Jan. 26, 2016). These requirements are met.

Entry of default judgment does not entitle the moving party to default judgment as a matter of right. A defendant in default is construed as admitting the factual allegations in the Complaint.

*See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default judgment has the effect of admitting factual allegations in the complaint); *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). Default does not constitute an admission of the adversary's conclusions of law, and is not "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Ryan*, 253 F.3d. at 780. In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

### III.  BREACH OF CONTRACT

Plaintiff argues that it is entitled to default judgment for Defendants' alleged breaches of the note, security agreement, and forbearance agreement. In Virginia,[1] a plaintiff alleging breach of contract must establish "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *STL Emirates Logistics, LLC v. Tamerlane Global Servs., Inc.*, Civil No.: 2:14cv51, 2014 WL 12660119, at *3 (E.D. Va. Dec. 11, 2014) (internal quotation marks omitted) (quoting *Filak v. George*, 267 Va. 612, 619 (2004)). Accepting the truth of the pleaded

---

[1] The Note, by its terms, is governed by Virginia law. ECF No. 1-1 ("This Note shall be construed in all respects and enforced according to the laws of the Commonwealth of Virginia."). Likewise, the Franchise Agreement, by its own terms, is governed by Virginia state law. ECF No. 1-2 ("Virginia law governs all claims that in any way relate to or arise out of this Agreement").

facts, as required, the Court holds that Defendants owed Capital legally enforceable obligations, they materially breached those obligations, and Capital suffered resulting injury. Capital produced the contracts, and Defendants have failed to challenge their validity or enforceability.

### A.   Monetary Awards

Pursuant to the terms of the contracts, Defendants are **ORDERED** to pay $764,089.89 to Plaintiff Capital. An analysis of this award follows.

#### 1.   Compensatory Damages

According to Plaintiff, Defendants owe $764,089.89 on the loan principal. ECF No. 21-3 at 1. Farm Properties and the other defendants who guaranteed the loan are jointly and severally liable for the balance on the loan principal. Capital Vice President Howard M. Newman also avers that Defendants owe loan interest at various rates, "late fees," and "loan fees." *Id.* Plaintiff is **DIRECTED** to provide the Court with an itemized accounting of these additional amounts and citations to the contract language from which they arise.

#### 2.   Attorneys' Fees and Costs

Plaintiff pleads that it is entitled to attorneys' fees pursuant to the forbearance agreement. ECF No. 21 at 2. The Court acknowledges that the forbearance agreement and promissory note include this provision, but "the Court is nevertheless obligated to review the fee award request independently for reasonableness."[2] *Kennedy v. A Touch of Patience*, 779 F. Supp. 2d 516, 525

---

[2] The Court will determine the reasonable fee based on the following factors: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978); *Southern Bank & Trust Co. v. Pride Group, LLC*, Civil No. 2:14CV255, 2015 WL 410726, at *8–9 (E.D. Va. Jan. 28, 2015).

(E.D. Va. 2011). Plaintiff is **DIRECTED** to provide the Court with an itemized accounting of fees incurred to litigate the breach of the promissory note. *See JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 739 (E.D. Va. 2014).

## IV. DETINUE

To succeed in a detinue action, a plaintiff must establish the following:

> (1) The plaintiff must have property in the thing sought to be recovered; (2) he must have the right to its immediate possession; (3) it must be capable of identification; (4) the property must be of some value, and (5) the defendant must have had possession at some time prior to the institution of the action.

*McGrath v. Dockendorf*, 793 S.E.2d 336, 339 (Va. 2016).

"If the specific property cannot be returned, judgment is rendered for its value." *Broad Street Auto Sales, Inc. v. Baxter*, 334 S.E.2d 293, 294 (Va. 1985). Also, "one cannot sue in detinue and recover for breach of contract." *Id.*

Plaintiff has sued for breach of contract. Furthermore, the specific property cannot be seized and returned because "Farm Properties has failed to return all Collateral to the Premises and has removed Collateral from the Premises." ECF No. 1 at 10. Therefore, the Motion for detinue is **DENIED**.

## V. CONCLUSION

For the reasons set forth above, the Amended Motion for Default Judgment (ECF No. 21) is **GRANTED IN PART, DEFERRED IN PART,** and **DENIED IN PART**. Defendants **SHALL** pay Plaintiff $764,089.89. Plaintiff is **DIRECTED** to provide the Court with an itemized accounting of all additional amounts sought and citations to the contract language from which they arise as instructed above within thirty days of this Order.

**IT IS SO ORDERED.**

/s/ _____
Arenda L. Wright Allen
United States District Judge

November 13th, 2019
Norfolk, Virginia